**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SADIE MARIE FORD,

Petitioner,

v.

NATIONAL CREDIT UNION
ADMINISTRATION,

Respondent.

No. 10-71441

NUCA-1

MEMORANDUM[*]

On Petition for Review of
National Credit Union Administration Order

Argued and Submitted June 16, 2011
San Francisco, California

Before: BYBEE and MURGUIA, Circuit Judges, and EZRA, District Judge.[**]

Petitioner Sadie Marie Ford ("Ford"), as estate representative of Clydel

Perry ("Perry"), appeals the National Credit Union Administration Board's

("NCUA Board") denial of her claim. Ford argues on appeal that the NCUA Board

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable David Alan Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

erred in determining that Joyce Jeter ("Jeter") was entitled to withdraw $177,662.12 from Cal State 9 Credit Union ("Cal State 9"), a federally insured, state-chartered credit union located in Concord, California. We have jurisdiction under 12 U.S.C. § 1787(b)(7)(A), and we affirm.

The NCUA Board's determinations are reviewed under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, and are upheld unless found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A). This standard of review is "highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision." *Nw. Ecosystem Alliance v. U.S. Fish & Wildlife Serv.*, 475 F.3d 1136, 1140 (9th Cir. 2007) (citation and internal quotation marks omitted); *see also Cal. Wilderness Coal. v. U.S. Dep't of Energy*, 631 F.3d 1072, 1084 (9th Cir. 2011) (stating that courts are not empowered to substitute their judgment for that of the agency).

The NCUA Board's determination is amply supported by applicable law. California law provides that "[a] bank 'is authorized to honor withdrawals from an account on the signatures authorized by the signature card, which serves as a contract between the depositor and the bank for the handling of the account.'" *LaMonte v. Sanwa Bank Cal.*, 52 Cal. Rptr. 2d 861, 868 (Ct. App. 1996) (quoting

*Blackmon v. Hale*, 83 Cal. Rptr. 194, 198 (1970)); *see also Lee v. Yang*, 3 Cal. Rptr. 3d 819, 825 (Ct. App. 2003); *Beizer v. Fin. Sav. & Loan Ass'n*, 218 Cal. Rptr. 143, 145–47 (Ct. App. 1985) (concluding that because the signature card of the account in question stated that any of the three joint owners could make withdrawals, the bank was not liable to one joint owner for paying the entire proceeds of the account to another joint owner).

Here, the Membership Agreement reflects that Perry is the primary owner of the Cal State 9 account and that Jeter and Ford are joint owners, and it expressly permits any owner to withdraw "any amount" from the account. Although Jeter purported to withdraw the funds as Perry's guardian, irrespective of whether the guardianship papers were valid, Jeter as joint owner, was entitled to the funds in the Cal State 9 account. Cal State 9 therefore had an independent reason for issuing the check to Jeter.

Moreover, the NCUA Board's conclusion that Jeter was still a joint owner when she withdrew the funds is supported by substantial evidence. The Membership Agreement required an addendum to change the account owners. No such addendum was in the record, and none of the other materials included in the record demonstrate that Jeter was no longer a joint owner of the Cal State 9 account when she made the withdrawal.

3

Accordingly, we conclude that the NCUA Board did not act arbitrarily or capriciously when it denied Ford's claim for $177,662.12. This determination resolves all of Ford's claims and renders Ford's remaining arguments—that her claim should have been treated as an insurance claim, that Jeter breached a fiduciary duty or lacked power of attorney, and that Jeter was not Perry's guardian at the time of withdrawal—irrelevant. The NCUA Board's order denying Ford's claims is **AFFIRMED.**